MILLS, Judge.
Sanford appeals from the summary denial of his motion for postconviction relief filed pursuant to Florida Rules of Criminal Procedure 3.850. We affirm in part and reverse in part and remand.
Sanford was convicted of aggravated assault with a firearm and burglary armed with a weapon. He appealed to this court and his conviction was affirmed in Sanford v. State, 419 So.2d 1188 (Fla. 1st DCA 1982). Sanford appeals from the denial of his second 3.850 motion. The first motion was denied by the trial court and was not appealed.
He alleges that the trial court erred in retaining jurisdiction over one-third of each of the sentences imposed pursuant to Section 947.16(3), Florida Statutes (1981). The trial court summarily denied this ground without attaching those parts of the record which would support its determination.
Section 947.16(3) states that a trial court may at the time of sentencing enter an order retaining jurisdiction over the offender. However, this jurisdiction is limited to the first one-third of the maximum sentence imposed for the highest felony of which the person was convicted, when concurrent sentences are imposed. In this case, it is unclear whether the trial court has complied with the statute’s mandate. Therefore, we reverse and remand as to this ground in order that the pertinent sections of the record may be attached.
The other grounds raised in the motion were either matters disposed of in his direct appeal, grounds which should have been raised on direct appeal, or allegations / previously ruled on in his first 3.850 motion and not appealed. We affirm the denial of these grounds.
BOOTH, C.J., and JOANOS, J., concur.